IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARD CRENSHAW,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) CIVIL NO. 09-387-GPM ) |
| **TERRY CALIPER,** | ) ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

After a jury trial on Plaintiff Bernard Crenshaw's Eighth Amendment claim of deliberate indifference to a serious medical need, Judgment was returned in favor of Defendant Terry Caliper and against Plaintiff (Doc. 70). Defendant then entered a Bill of Costs (Doc. 71) to which Plaintiff has objected (Doc. 75). Defendant filed a reply to Plaintiff's objection (Doc. 78). The Court, having considered the Bill of Costs and the parties' arguments, **GRANTS** Defendants Bill of Costs.

Defendant seeks $800.00 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case consisting of: $53.60 for the 34-page deposition transcript and postage for the deposition transcript of Bernard Crenshaw; $389.60 for the deposition transcripts, exhibits included in the depositions, and postage and handling fees for the depositions of Dr. Aldridge and Ms. Caliper; $281.80 for the 68-page deposition transcript of Bernard Crenshaw; and $75.00 for a DVD copy of Bernard Crenshaw's deposition testimony.

Federal Rule of Civil Procedure 54(d) establishes a presumption that the prevailing party is entitled to costs. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The Seventh Circuit Court of Appeals has stated that in light of this presumption, the district court's discretion is "narrowly confined."

*See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988). In general, "only misconduct by the prevailing party worthy of a penalty … or the losing party's inability to pay will suffice to justify denying costs." *Id.* at 222; *see also Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997).

The term "costs" as it is used in Rule 54(d) is defined in 28 U.S.C. § 1920, and courts are allowed to interpret the meaning of the phrases used in that section. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). Under § 1920, a federal court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. After a district court determines that the requested costs are statutorily recoverable under § 1920, the court must then determine whether such costs were both reasonable and necessary. *Cengr*, 135 F.3d at 454. The proper inquiry is whether a particular cost was "reasonably necessary" to the case at the time it was incurred, not whether it resulted in use in a motion or during trial. *Id.* at 455.

The Court finds Defendant's costs reasonably necessary to the case. Defendant's Bill of Costs (Doc. 71) is therefore **GRANTED**. Costs in the amount of **$800.00** are taxed in favor of Defendant Terry Caliper.

**IT IS SO ORDERED.**

DATED: January 24, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge